**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ENVIRONMENTAL INTEGRITY PROJECT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW WHEELER, in his official capacity as Administrator of the United States Environmental Protection Agency, *et al.*, <br><br> Defendants. | Case No. 1:20-cv-1734-KBJ |

**ANSWER TO COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8, Defendants Andrew Wheeler, in his official capacity as Administrator of the EPA; R.D. James, in his official capacity as Assistant Secretary of the Army for Civil Works; the United States Environmental Protection Agency ("EPA"); the Department of the Army, U.S. Army Corps of Engineers ("Corps") ("EPA" and "Corps" together, the "Agencies") (collectively, "Federal Defendants"), answer the Complaint (ECF No. 1) filed by Plaintiffs Environmental Integrity Project, *et al.* (collectively, "Plaintiffs") in the above-captioned case. The headings and subheadings within the Complaint do not contain allegations that require a response. To the extent a response is required, the allegations contained in the headings and subheadings are denied.

## INTRODUCTION

1.      The allegations in Paragraph 1 characterize the Complaint, which speaks for itself and is the best evidence of its contents.

2.      The allegations in Paragraph 2 characterize the Complaint, which speaks for itself and is the best evidence of its contents.

3.      The allegations in Paragraph 3 contain legal conclusions to which no response is required and characterize the "Navigable Waters Protection Rule: Definition of 'Waters of the United States,'" 85 Fed. Reg. 22,250 (Apr. 21, 2020) ("2020 Rule"), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

4.      The allegations in Paragraph 4 contain statements of opinion and legal conclusions to which no response is required and characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

5.      The allegations in Paragraph 5 characterize the 2020 Rule and the "Clean Water Rule: Definition of 'Waters of the United States,'" 80 Fed. Reg. 37,054 (June 29, 2015) ("2015 Rule"), which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the 2020 Rule or the 2015 Rule, Federal Defendants deny them.

6.      The allegations in Paragraph 6 characterize Executive Order 13778, 82 Fed. Reg. 12497 (Feb. 28, 2017), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Order, Federal Defendants deny them.

7.      The allegations in Paragraph 7 characterize Executive Order 13778, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Order, Federal Defendants deny them.

8.      Federal Defendants admit that the Agencies jointly issued a final rule, "Definition of 'Waters of the United States'—Recodification of Pre-Existing Rules," 84 Fed. Reg. 56,626 (Oct. 22, 2019) ("2019 Rule") and the 2020 Rule, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the 2019 Rule or 2020 Rule, Federal Defendants deny them.

9.      Federal Defendants admit that the Agencies issued a proposed rule, "Definition of 'Waters of the United States'—Recodification of Pre-Existing Rules," 82 Fed. Reg. 34,899 (July 27, 2017) and the 2019 Rule, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the proposed rule or 2019 Rule, Federal Defendants deny them.

10.     Federal Defendants admit that the Agencies jointly issued a proposed rule, "Revised Definition of 'Waters of the United States,'" 84 Fed. Reg. 4154 (February 14, 2019) and the 2020 Rule, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the proposed rule or 2020 Rule, Federal Defendants deny them.

11.     The allegations in Paragraph 11 characterize the 2020 Rule and a draft document that states "Draft Commentary (10/16/19) – Do Not Cite or Quote. This draft has not been reviewed or approved by the chartered SAB and does not represent EPA policy", which speak for

themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

12.     The allegations in Paragraph 12 contain legal conclusions to which no response is required and characterize Executive Order 13778 and the 2020 Rule, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the Order or 2020 Rule, Federal Defendants deny them.

13.     The allegations in Paragraph 13 contain legal conclusions and statements of opinion to which no response is required and characterize a proposed rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the proposed rule, Federal Defendants deny them.

14.     The allegations in Paragraph 14 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

15.     The allegations in Paragraph 15 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

16.     The allegations in Paragraph 16 contain legal conclusions to which no response is required and characterize *County of Maui, Hawaii v. Hawaii Wildlife Fund*, 140 S. Ct. 1462 (2020) ("*County of Maui*"), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

17.     The allegations in Paragraph 17 are legal conclusions to which no response is required.

18.     The allegations in Paragraph 18 characterize Plaintiffs' request for relief, to which no response is required.

19.     The allegations in Paragraph 19 are legal conclusions to which no response is required.

20.     The allegations in Paragraph 20 are legal conclusions to which no response is required.

21.     The allegations in Paragraph 21 are legal conclusions to which no response is required.

22.     The allegations in Paragraph 22 characterize Plaintiffs, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

23.     The allegations in Paragraph 23 are legal conclusions to which no response is required.

24.     The allegations in Paragraph 24 characterize Plaintiff Environmental Integrity Project ("EIP"), and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

25.     Federal Defendants admit that EPA issued "Clean Water Act Section 303(d): Notice for the Establishment of the Total Maximum Daily Load (TMDL) for the Chesapeake Bay" 76 Fed. Reg. 549 (Jan. 11, 2011). The allegations in the first, second, third, and fourth sentences of Paragraph 25 characterize Plaintiff EIP, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.  The allegations in fifth sentence of Paragraph 25 characterize various reports purportedly produced by EIP, which speak for themselves and are the best evidence of their contents.

26.     The allegations in Paragraph 26 contain legal conclusions to which no response is required and characterize the 2015 Rule, which speaks for itself and is the best evidence of its

contents.  To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

27.     The allegations in Paragraph 27 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

28.     Federal Defendants admit that Plaintiff EIP submitted comments on the proposal for the 2020 Rule. The allegations in Paragraph 28 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them. The allegations also characterize Plaintiff EIP and Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of such allegations.

29.     The allegations in Paragraph 29 characterize Plaintiff Food & Water Watch ("FWW"), and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

30.     The allegations in Paragraph 30 contain legal conclusions to which no response is required and characterize FWW, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

31.     The allegations in Paragraph 31 are legal conclusions to which no response is required and characterize FWW, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

32.     Federal Defendants admit that Plaintiff FWW submitted comments on the proposal for the 2020 Rule. The allegations in Paragraph 32 are legal conclusions to which no response is required and characterize FWW, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

33.     The allegations in Paragraph 33 are vague, contain statements of opinion to which no response is required, and characterize Plaintiff Gunpowder Riverkeeper ("GRK"), and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

34.     The allegations in Paragraph 34 characterize GRK, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

35.     The allegations in Paragraph 35 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them. The allegations also characterize Plaintiff GRK, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

36.     The allegations in Paragraph 36 are legal conclusions to which no response is required and characterize Plaintiff GRK, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations

37.     The allegations in Paragraph 37 are vague and ambiguous and contain statements of opinion to which no response is required. The remaining allegations in Paragraph 37 characterize Plaintiff Lower Susquehanna Riverkeeper ("LSRA"), and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

38.     The allegations in Paragraph 38 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them. The allegations also characterize Plaintiff LSRA, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

39.     The allegations in Paragraph 39 are legal conclusions to which no response is required and characterize Plaintiff LSRA, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

40.     Federal Defendants admit that the Patuxent River is Maryland's longest and deepest intrastate waterway and a tributary of the Chesapeake Bay that provides habitat for wildlife. Federal Defendants admit that certain smaller tributaries that branch into the river help comprise the Patuxent watershed's total drainage into the Bay.  The allegations in the first sentence of Paragraph 40 characterize Plaintiff Patuxent Riverkeeper ("PRK"), and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.  The remaining allegations in Paragraph 40 contain statements of opinion to which no response is required and are vague and broad and Federal Defendants lack a sufficient basis to admit or deny.

41.     The allegations in Paragraph 41 characterize Plaintiff PRK, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

42.     The allegations in Paragraph 42 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants

deny them. The allegations also characterize Plaintiff PRK, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

43.      The allegations in Paragraph 43 are legal conclusions to which no response is required and characterize Plaintiff PRK, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

44.      The allegations in Paragraph 44 are legal conclusions to which no response is required.

45.      Federal Defendants admit that EPA and the Corps are federal agencies of the United States and aver that the Corps is a direct reporting unit within the Department of the Army.

46.      Federal Defendants admit that EPA is a federal agency of the United States and that EPA administers provisions of the Clean Water Act.

47.      Federal Defendants admit the allegations in Paragraph 47.

48.      Federal Defendants admit the allegations in Paragraph 48.

49.      Federal Defendants admit that Rickey D. James is sued in his official capacity as Assistant Secretary of the Army for Civil Works, but aver that this position is situated within the Army Secretariat and not within the Corps.

50.      The allegations in Paragraph 50 are legal conclusions to which no response is required.

51.      The allegations in Paragraph 51 are legal conclusions to which no response is required and characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the APA, Federal Defendants deny them.

52.      The allegations in Paragraph 52 are legal conclusions to which no response is required.

53.     The allegations in Paragraph 53 are legal conclusions to which no response is required.

54.     The allegations in Paragraph 54 are legal conclusions to which no response is required.

55.     The allegations in Paragraph 55 are legal conclusions to which no response is required.

56.     The allegations in Paragraph 56 contain legal conclusions to which no response is required and characterize the APA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

57.     The allegations in Paragraph 57 are legal conclusions to which no response is required.

58.     The allegations in Paragraph 58 contain legal conclusions to which no response is required and characterize the APA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

59.     The allegations in Paragraph 59 contain legal conclusions to which no response is required and characterize the APA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

60.     The allegations in Paragraph 60 contain legal conclusions to which no response is required and characterize the APA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

61.     The allegations in Paragraph 61 contain legal conclusions to which no response is required and characterize the Equal Access to Justice Act ("EAJA"), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

62.     The allegations in Paragraph 62 characterize the Clean Water Act ("CWA"), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

63.     The allegations in Paragraph 63 characterize the CWA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

64.     The allegations in Paragraph 64 contain legal conclusions to which no response is required and characterize a Senate report, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Senate report, Federal Defendants deny them.

65.     The allegations in Paragraph 65 are legal conclusions to which no response is required.

66.     The allegations in Paragraph 66 characterize the CWA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

67.     The allegations in Paragraph 67 characterize the CWA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

68.     The allegations in Paragraph 68 contain legal conclusions to which no response is required and characterize the CWA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

69.     The allegations in Paragraph 69 contain legal conclusions to which no response is required and characterize the CWA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

70.     The allegations in Paragraph 70 contain legal conclusions to which no response is required and characterize the CWA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

71.     The allegations in Paragraph 71 contain legal conclusions to which no response is required and characterize the CWA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

72.     The allegations in Paragraph 72 characterize the CWA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

73.     The allegations in Paragraph 73 characterize the CWA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

74.    The allegations in Paragraph 74 characterize multiple federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the regulations, Federal Defendants deny them.

75.    The allegations in Paragraph 75 characterize multiple federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the regulations, Federal Defendants deny them.

76.    The allegations in Paragraph 76 characterize *Rapanos v. United States*, 547 U.S. 715 (2006) ("*Rapanos*"), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

77.    The allegations in Paragraph 77 contain legal conclusions to which no response is required and characterize *Rapanos*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

78.    The allegations in Paragraph 78 characterize *Rapanos*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

79.    The allegations in Paragraph 79 characterize *Rapanos*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

80.    The allegations in Paragraph 80 characterize *Rapanos*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

81.     The allegations in Paragraph 81 characterize *Rapanos*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

82.     Federal Defendants admit the Agencies issued a guidance document called "Clean Water Act Jurisdiction Following the U.S. Supreme Court's Decision in *Rapanos v. United States* & *Carabell v. United States*," referred to by Plaintiffs as the "2008 *Rapanos* Guidance." The allegations in Paragraph 82 characterize the 2008 *Rapanos* Guidance, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2008 *Rapanos* Guidance, Federal Defendants deny them.

83.     The allegations in Paragraph 83 characterize the 2008 *Rapanos* Guidance.  This guidance speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2008 *Rapanos* Guidance, Federal Defendants deny them.

84.     The allegations in Paragraph 84 characterize the 2008 *Rapanos* Guidance.  This guidance speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2008 *Rapanos* Guidance, Federal Defendants deny them.

85.     The allegations in Paragraph 85 characterize the 2008 *Rapanos* Guidance.  This guidance speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2008 *Rapanos* Guidance, Federal Defendants deny them.

86.     The allegations in Paragraph 86 characterize a proposed rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the proposed rule, Federal Defendants deny them.

87.     The allegations in Paragraph 87 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

88.     The allegations in Paragraph 88 contain legal conclusions to which no response is required and characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

89.     The allegations in Paragraph 89 characterize the Connectivity of Streams and Wetlands to Downstream Waters: A Review and Synthesis of the Scientific Evidence, (Jan. 2015) ("Connectivity Report"), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Report, Federal Defendants deny them.

90.     The allegations in Paragraph 90 characterize the Connectivity Report and 2015 Rule, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the Connectivity Report or 2015 Rule, Federal Defendants deny them.

91.     The allegations in Paragraph 91 characterize a document entitled, "SAB Review of the Draft EPA Report Connectivity of Streams and Wetlands to Downstream Waters: A Review and Synthesis of the Scientific Evidence" (Oct. 17, 2014) ("EPA SAB Review"), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the document, Federal Defendants deny them.

92.     The allegations in Paragraph 92 characterize the Connectivity Report and EPA SAB Review, which speak for themselves and are the best evidence of their contents.  To the extent

the allegations are inconsistent with the Connectivity Report or EPA SAB Review, Federal Defendants deny them.

93.     The allegations in Paragraph 93 characterize the EPA SAB Board Review, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the EPA SAB Review, Federal Defendants deny them.

94.     The allegations in Paragraph 94 characterize the EPA SAB Review, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the EPA SAB Review, Federal Defendants deny them.

95.     The allegations in Paragraph 95 characterize Executive Order 13778, "Restoring the Rule of Law, Federalism, and Economic Growth by Reviewing the 'Waters of the United States' Rule" 82 Fed. Reg. 12,497 (Feb. 28, 2017), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Order, Federal Defendants deny them.

96.     The allegations in Paragraph 96 characterize Executive Order 13778, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Order, Federal Defendants deny them.

97.     Federal Defendants admit that in March 2017, the Agencies jointly issued a "Notice of Intention to Review and Rescind or Revise the Clean Water Rule," 82 Fed. Reg. 12,532 (Mar. 6, 2017), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the notice, Federal Defendants deny them.

98.     The allegations in Paragraph 98 characterize a proposed rule and the 2019 Rule, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the proposed rule or 2019 Rule, Federal Defendants deny them.

99.     The allegations in Paragraph 99 contain legal conclusions to which no response is required and characterize the 2019 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2019 Rule, Federal Defendants deny them.

100.     The allegations in Paragraph 100 are vague and contain legal conclusions to which no response is required and characterize Executive Order 13778, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Order, Federal Defendants deny them.

101.     The allegations in Paragraph 101 characterize a proposed rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the proposed rule, Federal Defendants deny them.

102.     The allegations in Paragraph 102 characterize a proposed rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the proposed rule, Federal Defendants deny them.

103.     The allegations in Paragraph 103 contain legal conclusions to which no response is required and characterize a proposed rule, unidentified statements by the EPA EAB, and *Rapanos*, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the documents, Federal Defendants deny them.

104.    The allegations in Paragraph 104 characterize a proposed rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the proposed rule, Federal Defendants deny them.

105.    The allegations in Paragraph 105 characterize a proposed rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the proposed rule, Federal Defendants deny them.

106.    The allegations in Paragraph 106 characterize a proposed rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the proposed rule, Federal Defendants deny them.

107.    The allegations in Paragraph 107 characterize a draft document that states "Draft Commentary (10/16/19) – Do Not Cite or Quote. This draft has not been reviewed or approved by the chartered SAB and does not represent EPA policy", which speaks for itself and is the best evidence of its contents.

108.    The allegations in Paragraph 108 characterize a draft document that states "Draft Commentary (10/16/19) – Do Not Cite or Quote. This draft has not been reviewed or approved by the chartered SAB and does not represent EPA policy", which speaks for itself and is the best evidence of its contents.

109.    The allegations in Paragraph 109 characterize a draft document that states "Draft Commentary (10/16/19) – Do Not Cite or Quote. This draft has not been reviewed or approved by the chartered SAB and does not represent EPA policy", which speaks for itself and is the best evidence of its contents.

110.    The allegations in Paragraph 110 characterize a draft document that states "Draft Commentary (10/16/19) – Do Not Cite or Quote. This draft has not been reviewed or approved by the chartered SAB and does not represent EPA policy", which speaks for itself and is the best evidence of its contents.

111.    The allegations in Paragraph 111 characterize a draft document that states "Draft Commentary (10/16/19) – Do Not Cite or Quote. This draft has not been reviewed or approved by the chartered SAB and does not represent EPA policy", which speaks for itself and is the best evidence of its contents.

112.    The allegations in Paragraph 112 characterize a draft document that states "Draft Commentary (10/16/19) – Do Not Cite or Quote. This draft has not been reviewed or approved by the chartered SAB and does not represent EPA policy", which speaks for itself and is the best evidence of its contents.

113.    The allegations in Paragraph 113 contain legal conclusions to which no response is required and characterize a document referred to by Plaintiffs as the Goodin Memo, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Memo, Federal Defendants deny them.

114.    Federal Defendants admit that the SAB provided "Commentary on the Proposed Rule Defining the Scope of Waters Federally Regulated Under the Clean Water Act," EPA, Office of the Administrator Science Advisory Board (Feb. 27, 2020) ("SAB Commentary"), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Commentary, Federal Defendants deny them.

115.    Federal Defendants admit that the Agencies jointly promulgated the 2020 Rule.

116.    The allegations in Paragraph 116 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

117.    The allegations in Paragraph 117 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

118.    The allegations in Paragraph 118 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

119.    The allegations in Paragraph 119 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

120.    The allegations in Paragraph 120 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

121.    The allegations in Paragraph 121 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its

contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

122.     The allegations in Paragraph 122 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

123.     The allegations in Paragraph 123 characterize a document entitled "Navigable Waters Protection Rule – Public Comments Summary Document" ("Response to Comments"), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Response to Comments, Federal Defendants deny them.

124.     The allegations in Paragraph 124 characterize the Response to Comments, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Response to Comments, Federal Defendants deny them.

125.     The allegations in Paragraph 125 characterize unidentified public comments, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the public comments, Federal Defendants deny them.

126.     The allegations in Paragraph 126 characterize the Response to Comments, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Response to Comments, Federal Defendants deny them.

127.     The allegations in Paragraph 127 characterize the Response to Comments, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Response to Comments, Federal Defendants deny them.

128.    The allegations in Paragraph 128 characterize the Response to Comments, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Response to Comments, Federal Defendants deny them.

129.    The allegations in Paragraph 129 characterize the Response to Comments, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Response to Comments, Federal Defendants deny them.

130.    The allegations in Paragraph 130 characterize the 2020 Rule and the Response to Comments, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the 2020 Rule or the Response to Comments, Federal Defendants deny them.

131.    The allegations in Paragraph 131 contain legal conclusions to which no response is required and characterize the Response to Comments, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Response to Comments, Federal Defendants deny them.

132.    The allegations in Paragraph 132 are legal conclusions to which no response is required and appear to characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

133.    The allegations in Paragraph 133 contain legal conclusions to which no response is required and characterize a proposed rule, the 2020 Rule, and the Response to Comments, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the documents, Federal Defendants deny them.

134.     The allegations in Paragraph 134 characterize *County of Maui,* which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

135.     Federal Defendants admit that the Solicitor General filed a brief on behalf of the United States as amicus curiae in *County of Maui***.** The remaining allegations in Paragraph 135 characterize the filing, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the filing, Federal Defendants deny them.

136.     The allegations in Paragraph 136 characterize *County of Maui*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision Federal Defendants deny them.

137.     The allegations in Paragraph 137 contain legal conclusions to which no response is required and characterize *County of Maui*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision Federal Defendants deny them.

138.     The allegations in Paragraph 138 characterize *County of Maui*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

139.     The allegations in Paragraph 139 contain legal conclusions and characterize *County of Maui*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

140.     The allegations in Paragraph 140 contain legal conclusions to which no response is required and characterize *County of Maui*, which speaks for itself and is the best evidence of its

contents.  To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

141.    The allegations in Paragraph 141 contain legal conclusions to which no response is required and characterize *County of Maui*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

142.    The allegations in Paragraph 142 contain legal conclusions to which no response is required and characterize *County of Maui*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

143.    The allegations in Paragraph 143 contain legal conclusions to which no response is required and characterize *County of Maui*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

144.    Federal Defendants incorporate by reference their responses to every statement and allegation contained in Paragraphs 1 through 143 herein.

145.    The allegations in Paragraph 145 characterize the APA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

146.    The allegations in Paragraph 146 are legal conclusions to which no response is required.

147.     The allegations in Paragraph 147 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

148.     The allegations in Paragraph 148 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

149.     The allegations in Paragraph 149 contain legal conclusions to which no response is required and characterize *County of Maui*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, Federal Defendants deny them.

150.     The allegations in Paragraph 150 are legal conclusions to which no response is required.

151.     The allegations in Paragraph 151 contain legal conclusions to which no response is required and characterize *Rapanos* and *County of Maui*, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the decisions, Federal Defendants deny them.

152.     The allegations in Paragraph 152 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

153.     The allegations in Paragraph 153 are legal conclusions to which no response is required.

154.    The allegations in Paragraph 154 are legal conclusions to which no response is required.

155.    Federal Defendants incorporate by reference their responses to every statement and allegation contained in Paragraphs 1 through 154 herein.

156.    The allegations in Paragraph 156 characterize the APA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

157.    The allegations in Paragraph 157 contain legal conclusions to which no response is required and characterizes the APA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

158.    The allegations in Paragraph 158 contain legal conclusions to which no response is required and characterize the CWA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

159.    The allegations in Paragraph 159 are legal conclusions to which no response is required.

160.    The allegations in Paragraph 160 contain legal conclusions to which no response is required and characterize *Rapanos*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with *Rapanos*, Federal Defendants deny them.

161.    The allegations in Paragraph 161 characterize unidentified statements by the Agencies, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with such statements, Federal Defendants deny them.

162.    The allegations in Paragraph 162 characterize unidentified statements by the Agencies, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with such statements, Federal Defendants deny them.

163.    The allegations in Paragraph 163 characterize unidentified statements by the Agencies, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with such statements, Federal Defendants deny them.

164.    The allegations in Paragraph 164 characterize the 2020 Rule and the Goodin Memo, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the 2020 Rule or Goodin Memo, Federal Defendants deny them.

165.    The allegations in Paragraph 165 are legal conclusions to which no response is required.

166.    The allegations in Paragraph 166 are legal conclusions to which no response is required.

167.    The allegations in Paragraph 167 are legal conclusions to which no response is required.

168.    Federal Defendants incorporate by reference their responses to every statement and allegation contained in Paragraphs 1 through 167 herein.

169.    The allegations in Paragraph 169 are legal conclusions to which no response is required and characterize the APA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

170.    The allegations in Paragraph 170 are legal conclusions to which no response is required.

171.    The allegations in Paragraph 171 are legal conclusions to which no response is required.

172.    The allegations in Paragraph 172 are legal conclusions to which no response is required.

173.    The allegations in Paragraph 173 are legal conclusions to which no response is required.

174.    The allegations in Paragraph 174 characterize unidentified statements by the Agencies, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with such statements, Federal Defendants deny them.

175.    The allegations in Paragraph 175 are legal conclusions to which no response is required.

176.    The allegations in Paragraph 176 are legal conclusions to which no response is required.

177.    The allegations in Paragraph 177 are legal conclusions to which no response is required.

178.    The allegations in Paragraph 178 are legal conclusions to which no response is required.

179.    The allegations in Paragraph 179 are legal conclusions to which no response is required.

180.    The allegations in Paragraph 180 are legal conclusions to which no response is required.

181.    Federal Defendants incorporate by reference their responses to every statement and allegation contained in Paragraphs 1 through 180 herein.

182.    The allegations in Paragraph 182 characterize the APA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

183.    The allegations in Paragraph 183 are legal conclusions to which no response is required.

184.    The allegations in Paragraph 184 are legal conclusions to which no response is required.

185.    The allegations in Paragraph 185 contain legal conclusions to which no response is required and purports to characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

186.    The allegations in Paragraph 186 are legal conclusions to which no response is required and characterize a proposed rule, the 2020 Rule, and the Response to Comments, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the documents, Federal Defendants deny them.

187.    The allegations in Paragraph 187 are statements of opinion and legal conclusions to which no response is required.

188.    The allegations in Paragraph 188 are legal conclusions to which no response is required.

189.    The allegations in Paragraph 189 are legal conclusions to which no response is required.

190.    The allegations in Paragraph 190 are statements of opinion and legal conclusions to which no response is required.

191.    The allegations in Paragraph 191 are legal conclusions to which no response is required and characterize a proposed rule, the 2020 Rule, and the Response to Comments, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the documents, Federal Defendants deny them.

192.    The allegations in Paragraph 192 are statements of opinion and legal conclusions to which no response is required.

193.   The allegations in Paragraph 193 are statements of opinion and legal conclusions to which no response is required.

194.   The allegations in Paragraph 194 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

Federal Defendants deny that Plaintiffs are entitled to the relief included in the "Request for Relief" set forth at page 52 of the Complaint.

## **GENERAL DENIAL**

To the extent that any factual allegation in the Complaint has not been admitted or specifically responded to, Federal Defendants deny such allegation.

Federal Defendants reserve the right to raise any defense—including, but not limited to, those expressly found in Federal Rules of Civil Procedure 8(c) and 12—that may be supported by the record in this action.

Dated: August 31, 2020                    Respectfully submitted,

JONATHAN D. BRIGHTBILL
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division

/s/ *Phillip R. Dupré*
PHILLIP R. DUPRÉ (DC Bar No. 1004746)
Trial Attorney
Environmental Defense Section
U.S. Department of Justice
4 Constitution Square
150 M Street, NE
Suite 4.1116
Washington, DC 20002

phillip.r.dupre@usdoj.gov
Telephone (202) 616-7501
Facsimile (202) 514-8865

*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that, on August 31, 2020, I electronically transmitted the foregoing to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to registered counsel for all parties.


*/s/ Phillip R. Dupré*