UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENVIRONMENTAL INTEGRITY PROJECT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW WHEELER, *in his official capacity as Administrator of the U.S. Environmental Protection Agency*, *et al.*, <br><br> Defendants. | No. 20-cv-1734 (KBJ) |

## ORDER GRANTING MOTION TO INTERVENE

On June 25, 2020, Plaintiffs Environmental Integrity Project, Food & Water Watch, Gunpowder Riverkeeper, Lower Susquehanna Riverkeeper, and Patuxent Riverkeeper ("Plaintiffs") filed the instant action against Defendants Andrew Wheeler, the United States Environmental Protection Agency, Rickey Dale James, and the United States Army Corps of Engineers ("Federal Defendants"). (*See* Compl., ECF No. 1, at 1–2, 52.)[1] Plaintiffs challenge a rule that the Federal Defendants promulgated in 2020, which defines "waters of the United States" for purposes of the Clean Water Act; they allege that the rule must be vacated because it violates the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* (*See id.* ¶¶ 2–3, 18.)

Before this Court at present is a Motion to Intervene that fifteen trade groups ("Business Entities") have filed, in which they seek to intervene as defendants. (*See*

---

[1] Page-number citations to documents that the parties have filed refer to the page numbers that the Court's electronic filing system automatically assigns.

Mot. to Intervene of Proposed Business Intervenors ("Business Entities' Mot."), ECF No. 8, at 1–2; Mem. in Supp. of Mot. to Intervene ("Business Entities' Mem."), ECF No. 8-1, at 12.)[2] The Business Entities allege that they will be "significantly harmed if Plaintiffs succeed" in this lawsuit, and argue that they are entitled to intervene, either as a matter of right under Federal Rule of Civil Procedure 24(a), or permissively under Federal Rule of Civil Procedure 24(b). (*See* Business Entities' Mem. at 8, 21, 25.) Plaintiffs oppose the Business Entities' motion, contending *inter alia* that the Federal Defendants adequately represent any interests that the Business Entities might have in this action such that intervention as of right is unwarranted, and that the Business Entities have failed to satisfy the jurisdictional and equity-based requirements of permissive intervention. (*See* Pls.' Mem. in Opp'n to Mot. to Intervene of Proposed Business Intervenors ("Pls.' Opp'n"), ECF No. 13, at 18, 30.)

For the reasons explained below, this Court finds that the Business Entities have significant interests that the instant litigation might impair, and that the Federal Defendants may not be in a position to represent those interests adequately in the context of this case. Accordingly, the Court concludes that the Business Entities are entitled to intervene as of right, and, as a result, the Court need not address whether the Business Entities also satisfy the requirements of permissive intervention.

I.

To intervene as a matter of right, a movant must demonstrate that (1) the motion

---

[2] These fifteen trade groups include the American Farm Bureau Federation; American Petroleum Institute; American Road and Transportation Builders Association; Chamber of Commerce of the United States of America; Edison Electric Institute; Leading Builders of America; National Alliance of Forest Owners; National Association of Home Builders; National Cattlemen's Beef Association; National Corn Growers Association; National Mining Association; National Pork Producers Council; National Stone, Sand, and Gravel Association; Public Lands Council; and U.S. Poultry & Egg Association. (Business Entities' Mot. at 1.)

2

to intervene is timely; (2) the movant has "an interest relating to the property or transaction which is the subject of the action"; (3) "the action may as a practical matter impair or impede" that interest; and (4) the existing parties do not "adequately represent[]" the movant's interest. *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003) (citing Fed. R. Civ. P. 24(a)).

As a threshold matter, Plaintiffs argue that, under D.C. Circuit precedent, the Business Entities must also demonstrate Article III standing in order to intervene as defendants as a matter of right. (*See* Pls.' Opp'n at 8, 11 (citing *Fund for Animals*, 322 F.3d at 732 and *Crossroads Grassroots Policy Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 316 (D.C. Cir. 2015)).) The cases on which Plaintiffs rely, however, predate the Supreme Court's recent pronouncement that a party who is not "invoking a court's jurisdiction" or seeking additional relief is not required to make an independent showing of Article III standing. *See Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019) (noting that, because an intervenor was not "invoking a court's jurisdiction" in the proceedings below, where it appeared as an intervenor in support of defendants and later as an appellee, "it was not previously incumbent on the [intervenor] to demonstrate its standing"); *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017) ("For all relief sought, there must be a litigant with standing, whether that litigant joins the lawsuit as a plaintiff, a coplaintiff, or an intervenor of right. Thus, at the least, an intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests."); *see also Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S. Ct. 2367, 2379 n.6 (2020) (stating that the appellate court "erred by inquiring into [the

3

intervenor's] independent Article III standing" where the intervenor sought the same relief as the defendant-appellant).

This Court therefore concludes that, because the Business Entities are seeking to intervene *as defendants*, and are not invoking the Court's jurisdiction—let alone seeking "relief that is broader than or different from the party invoking [the] [C]ourt's jurisdiction[,]" *see Little Sisters*, 140 S. Ct. at 2379 n.6—they are not required to demonstrate that they have Article III standing. And while the Court recognizes that some courts in this district have continued to require intervenor-defendants to demonstrate standing in light of the D.C. Circuit's prior holdings, *see, e.g.*, *Red Lake Band of Chippewa Indians v. U.S. Army Corps of Engineers*, No. 20-cv-3817, 2021 WL 75744, at *2 n.1 (D.D.C. Jan. 9, 2021), the Circuit's holdings in this regard predate, and are plainly inconsistent with, the Supreme Court's recent opinions.

## II.

In the Court's view, as explained below, the Business Entities have filed a timely motion that pertains to a significant property interest that the instant litigation might impair, and the Federal Defendants' stake in this action is sufficiently distinct that they may not provide adequate representation concerning the Business Entities' interest.

First, there is no dispute that the Business Entities' motion is timely. (*See* Pls.' Opp'n at 18 ("Plaintiffs do not dispute that the Motion is timely."); Business Entities' Mem. at 21–22.) The motion was filed less than three weeks after Plaintiffs filed their complaint and before the Federal Defendants had filed their answer. (*See* Compl; Notice of Filing Answer, ECF No. 18.) *See also, e.g.*, *Fund for Animals*, 322 F.3d at 735 (holding that a motion was timely when the intervenor filed the motion "less than

two months after the plaintiffs filed their complaint and before the defendants filed an answer").

Next, there is no doubt that the Business Entities have "an interest relating to the property or transaction that is the subject of the action[.]" *See* Fed. R. Civ. P. 24(a). Where, as here, a party seeks to intervene to defend a rule or regulation, the party can satisfy Rule 24(a)'s "interest" requirement by showing that the rule directly regulates the party or its property. *See Fund for Animals*, 322 F.3d at 733, 735. The Business Entities have done exactly that: as they explain in their motion, their members "own or use land for a broad variety of business purposes" (*see* Business Entities' Mem. at 7), and the rule at issue in this litigation "dictates the regulatory scheme under which . . . [such] members must operate" (*id.* at 22) when "comply[ing] with the [Clean Water Act's] prohibition against unauthorized 'discharges' into any areas on their land" that qualify as waters of the United States (*id.* at 17). As regulated parties, the Business Entities' members have an obvious stake in the outcome of litigation that challenges the requirements and regulations governing the use of their property.

The Business Entities have also demonstrated that "the action may as a practical matter impair or impede [their] ability to protect" their own interests. *See* Fed. R. Civ. P. 24(a). When assessing whether a movant's interests may be impaired by the outcome of a lawsuit, courts must focus on the "practical consequences of denying intervention," *Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 909 (D.C. Cir. 1977) (internal quotation marks and citation omitted), and should not reject a movant's request to intervene solely because the movant could theoretically "reverse an unfavorable ruling by bringing a [subsequent] lawsuit," *Fund for Animals*, 322 F.3d at 735. In this regard, the

5

Business Entities argue that, if the current rule is vacated and the prior rule's more expansive definition of "waters of the United States" is reinstated (*see* Business Entities' Mem. at 11), the Business Entities' members would "face greater regulatory burdens, costs, interference with business activities on their land, as well as greater exposure to potential lawsuits and liability" (*see id.* at 18). These are all "practical consequences" that could flow from a ruling in Plaintiffs' favor, *see Costle*, 561 F.2d at 909, and such consequences certainly have the potential to hinder the ability of the Business Entities' members to use their land and conduct their businesses.

      Finally, the Court concludes further that the Federal Defendants may not adequately represent the Business Entities' interests in the instant context. As the Supreme Court has explained, to satisfy the fourth requirement for intervention as of right, a movant need only show "that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). In addition, the D.C. Circuit generally "look[s] skeptically on government entities serving as adequate advocates for private parties[,]" *Crossroads Grassroots Policy Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 321 (D.C. Cir. 2015), and has "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors[,]" *Fund for Animals*, 322 F.3d at 736. Here, although the interests of the Business Entities and the Federal Defendants are generally aligned—insofar as they both argue that the current rule is lawful—the Federal Defendants necessarily have a more complex range of interests and concerns, given that they must represent the broader public when promulgating and defending rules. *See id.* (explaining that, even

though the agency defendant and the proposed intervenor had overlapping interests and agreed that the rules at issue were legal, the agency also had an "obligation" to "represent the interests of the American people" and thus had different priorities than the proposed intervenor).

What is more, given the recent change in administration, it is not at all clear that the Federal Defendants will continue to defend the prior administration's rule. (*See* Business Entities' Mem. in Supp. of Request for Ruling, ECF No. 25, at 5.) Indeed, on January 20, 2021, President Biden issued an executive order requiring agency heads to review environmental rules such as the one at issue in this case, *see* Exec. Order No. 13,990, 86 Fed. Reg. 7037 (Jan. 20, 2021); *see also* United States White House, *Fact Sheet: List of Agency Actions for Review* (Jan. 20, 2021), https://perma.cc/QT29-D6WF, and the Environmental Protection Agency has asked the Department of Justice to "seek and obtain abeyances or stays of proceedings in pending litigation seeking judicial review of any EPA regulation promulgated between January 20, 2017, and January 20, 2021," Letter from Melissa A. Hoffer, Acting General Counsel for the Environmental Protection Agency to Jean E. Williams and Bruce S. Gelber, Deputy Assistant Attorneys General at the Environment and Natural Resources Division of the Department of Justice (Jan. 21, 2021), https://perma.cc/W5ZC-B7L9. In light of these developments, it is entirely possible that the interests of the Federal Defendants and the Business Entities might "diverge during the course of litigation[,]" *Fund for Animals*, 322 F.3d at 736, such that the Federal Defendants' representation of the Business Entities' interests "'may be' inadequate[,]" *Trbovich*, 404 U.S. at 538 n.10.

Consequently, this Court concludes that the Business Entities are entitled to intervene under Rule 24(a), as a matter of right.  *See* Fed. R. Civ. P. 24(a).

III.

Accordingly, it is hereby

**ORDERED** that the Business Entities' Motion to Intervene (ECF No. 8) is **GRANTED**.  The Business Entities are permitted to participate in this matter as Intervenor-Defendants.

DATE:  January 27, 2021

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge