UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ENVIRONMENTAL INTEGRITY PROJECT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL REGAN, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 1:20-cv-1734 <br> (Calendar Committee) |

**DEFENDANTS' UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE**

Pursuant to LCvR 7, Defendants United States Environmental Protection Agency ("EPA"), Michael Regan (in his official capacity as Administrator of EPA), the United States Army Corps of Engineers, and Jaime Pinkham (in his official capacity as Acting Assistant Secretary of the Army for Civil Works) (collectively, the "Agencies"), respectfully move to hold this case in abeyance for six months. In accordance with LCvR 7(m), the Agencies have conferred with the parties regarding this motion. Plaintiffs consent to the relief sought in the motion, and Intervenors do not oppose. In support of their motion, the Agencies state the following:

1)   The Clean Water Act ("CWA"), among other provisions, prohibits "the discharge of any pollutant by any person" without a permit or other authorization, 33 U.S.C. § 1311(a), to "navigable waters," which are defined as "the waters of the United States." *Id*. § 1362(7).

2)   In 2020, the Agencies comprehensively revised the definition of "waters of the United States" with the Navigable Waters Protection Rule ("NWPR"). 85 Fed. Reg. 22,250 (April 21, 2020). Plaintiffs challenge the NWPR in this action.

3) On January 20, 2021, President Biden signed Executive Order 13990, entitled "Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis," which directed federal agencies to review certain regulations, including the NWPR. *See* 86 Fed. Reg. 7037 (Jan. 25, 2021).

4) In reviewing the NWPR, the Agencies identified substantial concerns with certain aspects of the rule, including whether the rule adequately considered the CWA's statutory objective in determining the scope of "waters of the United States" and, as a result, whether the process adequately considered the effects of the NWPR on the integrity of the nation's waters.

5) On June 9, 2021, the Agencies announced their intent to revise the definition of "waters of the United States." U.S. EPA, *Intention to Revise the Definition of "Waters of the United States*," https://www.epa.gov/wotus/intention-revise-definition-waters-united-states (*last accessed* Oct. 29, 2021). The Agencies subsequently issued a Federal Register notice announcing that they intend to undertake two rulemakings. 86 Fed. Reg. 41,911 (Aug. 4, 2021). The first, and forthcoming, rule will propose to restore the regulations defining "waters of the United States" in place for decades until 2015, with amendments to reflect the Agencies' interpretation of the statutory limits on the scope of the "waters of the United States" informed by Supreme Court case law. The Agencies then intend to propose a second rule that builds upon that regulatory foundation with the benefit of additional stakeholder engagement.

6) On August 6, 2021, the Agencies moved this Court to remand without vacatur the NWPR to allow the Agencies to address their concerns with the NWPR through a new rulemaking. ECF No. 34 (motion to remand), 34-3 & 34-4 (declarations of Radhika Fox and Jaime Pinkham). *See also* Notice of Public Meetings Regarding "Waters of the United States";

Establishment of a Public Docket; Request for Recommendations, 86 Fed. Reg. 41,911 (Aug. 4, 2021).

7) On September 3, 2021, Plaintiffs and Business-Intervenors filed their responses to the Agencies' motion for remand. ECF Nos. 35–36. Under the Court's September 17, 2021 Minute Order, the Agencies' reply brief is due November 1, 2021.

8) The Agencies have also moved to remand the NWPR in numerous district courts where litigation challenging the NWPR is pending.[1] Although the Agencies asked for remand without vacatur of the NWPR, two courts have remanded the rule with vacatur. *See* Order, *Pascua Yaqui Tribe v. EPA*, Case No. 4:20-cv-266, 2021 WL 3855977 (D. Ariz. Aug. 30, 2021) (the "*Pascua* decision"); Order, *Navajo Nation v. Regan*, Case No. 2:20-cv-602, ECF No. 43 (D.N.M. Sept. 27, 2021).

9) As a result of those orders, "the agencies have halted implementation of the Navigable Waters Protection Rule and are interpreting 'waters of the United States' consistent with the pre-2015 regulatory regime until further notice." U.S. EPA, *Current Implementation of Waters of the United States*, https://www.epa.gov/wotus/current-implementation-waters-united-states (*last accessed* Oct. 29, 2021). The Agencies are focusing on their new rulemaking and proceeding expeditiously to publish a proposed rule for public comment.

10) The Agencies do not intend to appeal these orders, but on October 21, 2021, intervenors in *Pascua* indicated their intent to appeal the *Pascua* decision and stay the court's order.

11) The Court should grant the Agencies' motion for a six-month abeyance in the interest of judicial economy. Two courts have vacated the NWPR. Multiple other courts have

---

[1] Various other cases challenging the NWPR have been held in abeyance. *See infra* ¶ 12.

3

granted the Agencies' motion for remand, either without vacatur or without addressing vacatur. *See, e.g.*, Order, *Pueblo of Laguna v. Regan*, No. 1:21-cv-00277, ECF No. 40 (D.N.M. Sept. 21, 2021) (declining to reach issue of vacatur in light of the *Pascua* decision); Order, *California v. Wheeler*, No. 3:20-cv-03005, ECF No. 271 (N.D. Cal. Sept. 16, 2021) (same); *Waterkeeper All. v. Regan*, No. 3:18-cv-03521, ECF No. 125 (N.D. Cal. Sept. 16, 2021) (same); Order, *Conservation Law Found. v. EPA*, No. 1:20-cv-10820, ECF No. 122 (D. Mass. Sept. 1, 2021) (same); Order, *S.C. Coastal Conservation League v. Regan*, No. 2:20-cv-01687, ECF No. 147 (D.S.C. July 15, 2021) (remanding without vacating); Order, *Murray v. Wheeler*, No. 1:19-cv-01498, ECF No. 46 (N.D.N.Y. Sept. 7, 2021) (same).

12) Because many courts have already addressed the substance of the Agencies' motion for remand, and the Agencies are no longer applying the NWPR, continuing to litigate the Agencies' motion for remand here does not serve the interest of judicial economy. Indeed, multiple courts have stayed related litigation challenging the NWPR. *See, e.g.*, *N.M. Cattle Growers' Ass'n v. EPA*, No. 1:19-cv-00988, ECF No. 73 (D.N.M. Oct. 5, 2021) (continuing stay until April 2022); *Or. Cattlemen's Ass'n v. EPA*, 3:19-cv-564, ECF No. 124 (D. Or. Sept. 22, 2021) (same); *Colorado v. EPA*, No. 1:20-cv-01461, ECF No. 111 (D. Colo. July 14, 2021) (staying case indefinitely); *Puget Soundkeeper All. v. EPA*, No. 2:20-cv-00950, ECF No. 54 (W.D. Wash. Sept. 29, 2021) (continuing stay until April 2022); *Wash. Cattlemen's Ass'n v. EPA*, No. 2:19-cv-00569, ECF No. 107 (W.D. Wash. Sept. 29, 2021) (same).

13) Therefore, because the Agencies are complying with the *Pascua* decision and the *Navajo Nation* court's order vacating the NWPR, and multiple other courts have either already ruled on similar motions for remand or stayed pending litigation, further litigation in this case is unnecessary at this time. An abeyance would best preserve the parties' and the Court's

resources. Each party may reserve the right to move this Court to lift or extend the abeyance prior to the end of the abeyance period if circumstances so warrant.

For the foregoing reasons, the Agencies respectfully request that the Court hold this case in abeyance for six months.

Respectfully submitted this 29th day of October 2021.

s/ *Sarah Izfar*
SARAH IZFAR (DC Bar No. 1017796)
PHILLIP DUPRÉ
Trial Attorneys
Environmental Defense Section
U.S. Department of Justice
4 Constitution Square
150 M Street, NE
Washington, DC 20002

Telephone (202) 305-0490
Facsimile (202) 514-8865
sarah.izfar@usdoj.gov

*Counsel for Defendants*
