IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENVIRONMENTAL INTEGRITY PROJECT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL REGAN, et al.,<br><br>Defendants. | Case No. 1:20-cv-1734<br>(Judge Jia M. Cobb) |

**DEFENDANTS' UNOPPOSED MOTION TO CONTINUE ABEYANCE PENDING NEW RULEMAKING**

Pursuant to LCvR 7, Defendants United States Environmental Protection Agency ("EPA"), Michael Regan (in his official capacity as Administrator of EPA), the United States Army Corps of Engineers, and Michael L. Connor[1] (in his official capacity as Assistant Secretary of the Army for Civil Works) (collectively, the "Agencies"), respectfully move to continue to hold this case in abeyance pending issuance by the Agencies of a final rule regarding the definition of "waters of the United States" within the meaning of the Clean Water Act, 33 U.S.C. § 1362(7), or a determination by the Agencies that they will no longer proceed with the rulemaking. The Agencies also request that the parties shall file one or more proposals for further proceedings within 21 days after either event occurs. In accordance with LCvR 7(m), the Agencies have conferred with the parties regarding this motion. Plaintiffs consent to the relief sought in the motion, and Intervenors do not oppose.

---

[1] Michael Connor is automatically substituted in place of Jaime Pinkham pursuant to Fed. R. Civ. P. 25(d).

1

## BACKGROUND

The Clean Water Act ("CWA"), among other provisions, prohibits "the discharge of any pollutant by any person" without a permit or other authorization, 33 U.S.C. § 1311(a), to "navigable waters," which are defined as "the waters of the United States." *Id*. § 1362(7).

In 2020, the Agencies revised the definition of "waters of the United States" with the Navigable Waters Protection Rule ("NWPR"). 85 Fed. Reg. 22,250 (April 21, 2020). Plaintiffs challenge the NWPR in this action.

On January 20, 2021, President Biden signed Executive Order 13990, entitled "Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis," which directed federal agencies to review certain regulations, including the NWPR. *See* 86 Fed. Reg. 7037 (Jan. 25, 2021). In reviewing the NWPR, the Agencies identified substantial concerns with certain aspects of the rule, including whether the rule adequately considered the CWA's statutory objective in determining the scope of "waters of the United States" and, as a result, whether the process adequately considered the effects of the NWPR on the integrity of the nation's waters.

On June 9, 2021, the Agencies announced their intent to revise the definition of "waters of the United States." U.S. EPA, *Intention to Revise the Definition of* "*Waters of the United States*," https://www.epa.gov/wotus/intention-revise-definition-waters-united-states (*last accessed* Apr. 14, 2022); *see also* Notice of Public Meetings Regarding "Waters of the United States"; Establishment of a Public Docket; Request for Recommendations, 86 Fed. Reg. 41,911 (Aug. 4, 2021).

On August 6, 2021, the Agencies moved this Court to remand without vacatur the NWPR to allow the Agencies to address their concerns with the NWPR through a new rulemaking. ECF Nos. 34 (motion to remand), 34-3 & 34-4 (declarations of Radhika Fox and Jaime Pinkham). On

September 3, 2021, Plaintiffs and Business-Intervenors filed their responses to the Agencies' motion for remand. ECF Nos. 35–36. The Agencies also moved to remand the NWPR in numerous district courts where litigation challenging the NWPR is pending. Although the Agencies asked for remand without vacatur of the NWPR, two courts have remanded the rule with vacatur. *See* Order, *Pascua Yaqui Tribe v. EPA*, Case No. 4:20-cv-266, 2021 WL 3855977 (D. Ariz. Aug. 30, 2021) (the "*Pascua* decision"); Order, *Navajo Nation v. Regan*, Case No. 2:20-cv-602, ECF No. 43 (D.N.M. Sept. 27, 2021).[2]

As a result of these two orders, "the agencies have halted implementation of the Navigable Waters Protection Rule and are interpreting 'waters of the United States' consistent with the pre-2015 regulatory regime until further notice." U.S. EPA, *Current Implementation of Waters of the United States*, https://www.epa.gov/wotus/current-implementation-waters-united-states (*last accessed* Apr. 14, 2022).

Also as a result of the two orders vacating the NWPR, the Agencies did not file a reply to its motion for remand in this case but instead moved for a six-month stay, ECF No. 38, which the Court granted, holding the case in abeyance until April 29, 2022. Oct. 30, 2021 Minute Order. On December 7, 2021, the Agencies issued a proposed rule entitled "Revised Definition of 'Waters of the United States.'" 86 Fed. Reg. 69,372 (Dec. 7, 2021). The comment period closed

---

[2] The Agencies did not appeal either order. Intervenors initially appealed the *Pascua* decision but subsequently voluntarily dismissed their appeal. Several other district courts have remanded the NWPR either without vacatur or without addressing vacatur. *See, e.g.*, Order at 4, *Pueblo of Laguna v. Regan*, No. 1:21-cv-00277 (D.N.M. Sept. 21, 2021), ECF No. 40 (declining to reach issue of vacatur in light of the *Pascua* decision); Order, *California v. Regan*, No. 3:20-cv-03005 (N.D. Cal. Sept. 16, 2021), ECF No. 271 (same); Order at 1, *Waterkeeper All. v. Regan*, No. 3:18-cv-03521 (N.D. Cal. Sept. 16, 2021), ECF No. 125 (same); Order at 2, *Conservation L. Found. v. EPA*, No. 1:20-cv-10820 (D. Mass. Sept. 1, 2021), ECF No. 122 (same); Order, *S.C. Coastal Conservation League v. Regan*, No. 2:20-cv-01687 (D.S.C. July 15, 2021), ECF No. 147 (remanding without vacating); Order, *Murray v. Regan*, No. 1:19-cv-01498 (N.D.N.Y. Sept. 7, 2021), ECF No. 46 (same).

on February 7, 2022. The Agencies are reviewing and responding to the comments submitted on the proposed rule and completing other necessary components of the rulemaking process.

## THE INSTANT MOTION

The Court should continue the stay in this case pending issuance by the Agencies of a final rule regarding the definition of "waters of the United States" within the meaning of the CWA, 33 U.S.C. § 1362(7), or a determination by the Agencies that they will no longer proceed with the rulemaking. The Agencies also request that the parties shall file one or more proposals for further proceedings within 21 days after either event occurs. Because many courts have already addressed the substance of the Agencies' motion for remand, and the Agencies are no longer applying the NWPR, continuing to litigate this case at this time does not serve the interest of judicial economy. Indeed, multiple courts have stayed related litigation challenging the NWPR or litigation concerning an earlier rule. *See, e.g.*, Minute Order, *State of Colorado v. E.P.A.*, No. 1:20-cv-01461-WJM-NRN (D. Colo. Jan. 18, 2022) (holding case in abeyance until the Agencies publish a final rule defining "waters of the United States" or decide not to do so); Order, *Chesapeake Bay Found., Inc. v. Wheeler*, No. 20-cv-1063 (D. Md. Nov. 29, 2021), ECF No. 63 (same); Order at 9, *Or. Cattlemen's Ass'n v. EPA*, No. 3:19-cv-00564 (D. Or. Mar. 25, 2022),ECF No. 127 (continuing stay of claims against NWPR and an earlier rule until new rule is published or until the Agencies decide to no longer pursue new rulemaking); Order at 2, *Wash. Cattlemen's Ass'n v. EPA*, No. 2:19-cv-00569 (W.D. Wash. Sept. 29, 2021), ECF No. 107 (continuing stay of claims against NWPR and two earlier rules); Order at 2, *N.M. Cattle Growers' Ass'n v. EPA*, No. 1:19-cv-00988 (D.N.M. Mar. 29, 2022), ECF No. 75 (continuing stay of claims against NWPR and an earlier rule until new rule is published or until the Agencies decide to no longer pursue new rulemaking); *see also* Order at 3, *Pascua Yaqui Tribe v. EPA*,

2

No. 4:20-cv-00266 (D. Ariz. Dec. 6, 2021), ECF No. 116 (staying challenge to an earlier rule until the Agencies publish a final rule defining "waters of the United States" or decide not to do so); Order at 1, *Navajo Nation v. Regan*, No. 2:20-cv-00602 (D.N.M. Oct. 28, 2021), ECF No. 45 (same).

Therefore, because the Agencies are complying with the *Pascua* decision and the *Navajo Nation* court's order vacating the NWPR and multiple other courts have either already ruled on similar motions for remand or stayed pending litigation—and given that the Agencies have proposed a new rule and are focused on that new rulemaking—further litigation in this case is unnecessary at this time. An abeyance would best preserve the parties' and the Court's resources. Each party may reserve the right to move this Court to lift or extend the abeyance prior to the end of the abeyance period if circumstances so warrant.

For the foregoing reasons, the Agencies respectfully request that the Court hold this case in abeyance pending issuance by the Agencies of a final rule regarding the definition of "waters of the United States" within the meaning of the CWA, 33 U.S.C. § 1362(7), or a determination by the Agencies that they will no longer proceed with the rulemaking. The Agencies also request that the parties shall file one or more proposals for further proceedings within 21 days after either event occurs.

Respectfully submitted this 14th day of April 2022.

>TODD KIM
>Assistant Attorney General
>
>s/ *Sarah Izfar*
>SARAH IZFAR (DC Bar No. 1017796)
>PHILLIP DUPRÉ
>Trial Attorneys
>Environmental Defense Section
>U.S. Department of Justice
>4 Constitution Square

4

        150 M Street, NE
        Washington, DC 20002

        Telephone (202) 305-0490
        Facsimile (202) 514-8865
        sarah.izfar@usdoj.gov

*Counsel for Defendants*